United States District Court
Southern District of Texas

**ENTERED**

May 21, 2026

Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION**

| | | |
|---|---|---|
| **NESVI SEGUNDO VALBUENA ARAUJO,** | § | |
| | § | |
| **Petitioner,** | § | |
| | § | |
| **VS.** | § | **CIVIL ACTION NO. 5:26-CV-00816** |
| | § | |
| **UNITED STATES ATTORNEY,** | § | |
| **SOUTHERN DISTRICT OF TEXAS, *et al.*,** | § | |
| | § | |
| **Respondents.** | § | |

## <u>ORDER</u>

Pending before the Court is Petitioner Nesvi Segundo Valbuena Araujo's ("Petitioner")

Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241, (Dkt. 1), challenging the lawfulness

of his detention by Immigration and Customs Enforcement (ICE) officials with the Department of

Homeland Security (DHS).

Petitioner filed his Petition for Writ of Habeas Corpus on May 4, 2026. (Dkt. 1.) Petitioner

is a native and citizen of Venezuela who entered the United States on September 28, 2021, near

Yuma, Arizona.  (Dkt. 1 at 4; Dkt. 9 at 1.) Petitioner was apprehended in the interior and served a

Notice to Appear (NTA) placing him into removal proceedings. (Dkt. 1 at 4; Dkt. 9 at 1.) Petitioner

was subsequently released from custody on his own recognizance pending the outcome of his

removal proceedings. (Dkt. 1 at 4; Dkt. 9 at 1–2.) On March 30, 2026, ICE redetained Petitioner

while he was attending a scheduled check-in appointment as a part of his supervision. (Dkt. 1 at 4;

Dkt. 9 at 2.) He is currently detained at the Webb County Detention Center in Laredo, Texas. (Dkt.

1 at 2.) Petitioner alleges that he is being detained without any individualized determination that

he is a danger or a flight risk in violation of his rights under the Due Process Clause of the Fifth

1 / 4

Amendment while his removal proceeding remain ongoing. (*Id.* at 5–12.) He asks the Court to order his immediate release from custody. (*Id.* at 13.)

On February 6, 2026, the United States Court of Appeals for the Fifth Circuit addressed the dispute over the statutory interpretation of 8 U.S.C. § 1225(b)(2)'s mandatory detention provision in *Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026). In the precedential decision, the Fifth Circuit determined that noncitizens apprehended in the interior who entered without inspection are "applicants for admission" subject to mandatory detention under 8 U.S.C. § 1225(b)(2) and therefore are not entitled to bond hearings under 8 U.S.C. § 1226(a). *Id.* at 498. The decision was limited to the statutory interpretation of the applicable provisions and left unresolved other claims brought by petitioners challenging their mandatory detention, including constitutional questions under the Due Process Clause. *Id.* at 508.

The Court ordered Respondents to respond to Petitioner's petition on or before May 11, 2026. (Dkt. 6.) Respondents filed a timely Response to the Petition for Writ of Habeas Corpus and Motion for Summary Judgment, (Dkt. 9), addressing Petitioner's claims in light of the decision in *Buenrostro-Mendez*. Petitioner filed a reply to Respondents' response. (Dkt. 11.) Upon review of Petitioner's claims, the Court finds that Petitioner's due process claim presents nearly identical legal questions to those previously considered by the Court in *Bonilla Chicas v. Warden*, 2026 WL 539475, at *1 (S.D. Tex. Feb. 20, 2026) and *Strunin v. Garcia*, 2026 WL 958952, at *1 (S.D. Tex. Mar. 3, 2026), in which the Court determined that the petitioners' detention by ICE violated their rights under the Due Process Clause.

Because Petitioner's legal claims are materially indistinguishable from those considered by the Court in *Bonilla Chicas* and in *Strunin* and because Respondents have failed to offer controlling precedent or reasoning that would justify reaching a different result in this case, the

2 / 4

Court is unpersuaded to alter its prior analysis of the issue. In accordance with its prior analysis, the Court holds that because Petitioner is a noncitizen who previously entered the United States without inspection and has established ties to the United States through his residency, the Due Process Clause of the Fifth Amendment guarantees Petitioner an individualized assessment of his flight risk and dangerousness and an opportunity to respond prior to redetention by ICE. This conclusion is further supported by the growing number of district courts that have likewise found that mandatory detention of noncitizens who have established a presence in the United States violates their procedural due process rights. *See, e.g.*, *Vieira v. De Anda-Ybarra*, 2025 WL 2937880, at *7 (W.D. Tex. Oct. 16, 2025); *Lopez-Arevelo v. Ripa*, 801 F. Supp. 3d 668, 687 (W.D. Tex. 2025) (collecting cases); *Hernandez-Fernandez v. Lyons*, 2025 WL 2976923, at *7 (W.D. Tex. Oct. 21, 2025); *Marceau v. Noem et al.*, 2026 WL 368953, at *2 (W.D. Tex. Feb. 9, 2026); *Clemente Ceballos v. Garite,* 3:26-cv-00312-DB, at *3 n. 2 (W.D. Tex. Feb 10, 2026); *Torres v. Hermosillo*, 2026 WL 145715, *5 (W.D. Wash. Jan. 20, 2026) (collecting cases); *Rincon v. Hyde*, 2025 WL 3122784, *2 (D. Mass. Nov. 7, 2025); *Mata Velasquez v. Kurzdorfer*, 794 F. Supp. 3d 128, 147, 151 (W.D.N.Y. 2025); *Rodriguez v. Bondi*, 3:26-cv-292 (W.D. Tex. Feb. 25, 2026).

Thus, the Court holds that because Petitioner's detention violates his rights under the Due Process Clause of the Fifth Amendment, he is entitled to equitable relief and that the appropriate remedy is Petitioner's immediate release from custody with additional safeguards against redetention.

## <u>CONCLUSION</u>

For the foregoing reasons, Petitioner's Petition for Writ of Habeas Corpus, (Dkt. 1), is **GRANTED**. Petitioner's Motion Requesting Court Assistance with Service of Process, (Dkt. 2) is **GRANTED**. Respondents' Motion for Summary Judgment, (Dkt. 9), is **DENIED**.

3 / 4

1.      Respondents are **ORDERED** to **RELEASE** Petitioner from custody immediately, under reasonable conditions of release, and to submit a status report to the Court confirming Petitioner's release within 24 hours of the date of this Order.

2.      Respondents must return any and all identification documents and personal belongings taken from Petitioner at the time of apprehension or during detention.

3.      Respondents must provide Petitioner with a printed copy of this Order granting the habeas petition and ordering Petitioner's release from custody.

4.      If Petitioner is redetained, all applicable regulations and procedures must be followed, including that Petitioner be afforded an individualized assessment of Petitioner's flight risk and dangerousness as guaranteed under the Due Process Clause of the Fifth Amendment.

IT IS SO ORDERED.

SIGNED this May 21, 2026.

_____
Diana Saldaña
United States District Judge

4 / 4